# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER JOHN SEDILLO,

      Plaintiff,

vs.                                        No. 22-cv-0858 MIS-GJF

BERNALILLO COUNTY
METROPOLITAN DETENTION CENTER,

      Defendant.

## SUPERSEDING MEMORANDUM OPINION AND ORDER[1]

      This matter is before the Court on the Complaint to Recover Damages for Injury (Doc. 1-1) (Complaint).  Also before the Court is Defendant's Motion to Dismiss (Doc. 3) (Motion).  Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will dismiss the Complaint, grant leave to amend, and deny the Motion as moot.

## BACKGROUND[2]

      Plaintiff is detained at MDC in Albuquerque, New Mexico.  On September 24, 2022, MDC officials served Plaintiff a pot roast that expired 11 days earlier.  *See* Doc. 1-1 at 2, 3.  He experienced the symptoms of food poisoning, including severe stomach pain, vomiting, diarrhea, fever, and hunger.  *Id.* at 2.  Plaintiff further alleges MDC has a staff shortage and cannot ensure his physical or mental safety.  *Id.*  Based on these facts, the Complaint seeks unspecified damages from MDC based on neglect and the "civil right to proper and humane care."  *Id.* at 2.  Since the

---

[1]  This ruling supersedes and replaces the Text-Only Order Instructing Defendant to Personally Serve Plaintiff With a Copy of the Motion to Dismiss or Show Cause entered September 13, 2023.  *See* Doc. 8.

[2] The background facts are taken from Plaintiff's complaint (Doc. 1-1).  The Court assumes Plaintiff's allegations are true.

pleading appears on the official New Mexico Tort Claims Act, N.M.S.A. § 41-4-1, *et. seq.* (NMTCA) form, the Court also assumes Plaintiff seeks relief under the NMTCA. *See* Doc. 1-1 at 2, 4.

Plaintiff originally filed the Complaint in New Mexico's Second Judicial District Court. *See* Doc. 1-1 at 1. MDC removed the case, through counsel, and filed the instant Motion seeking dismissal. *See* Doc. 3. The Clerk of Court mailed Plaintiff a copy of the Motion to his address at MDC, but the envelope was returned as undeliverable with "NOT IN CUSTODY" stamped on it. *See* Doc. 4. Defendant states it mailed a copy of the Motion to Plaintiff's last known address via U.S. Certified Mail, Return Receipt Requested. *See* Doc. 5. On January 7, 2023, the United States Postal Service delivered the Motion to Plaintiff's last known address. *Id.* Someone signed the receipt for the Certified Mail ("Return Receipt"), but they did not print their name under the signature. *See* Doc. 5-1. Defendant attached a copy of the Return Receipt to the Notice of Completion of Briefing; the signature on the Return Receipt does not appear to match Plaintiff's signature from the Complaint. On March 6, 2023, United States Magistrate Judge Gregory J. Fouratt issued an Order requiring Plaintiff to notify the Clerk of Court in writing of his new address or show cause why this case should not be dismissed. *See* Doc. 6. Plaintiff responded to the Order to Show Cause, stating that his address is still MDC. *See* Doc. 7. The signature on the response does not appear to match the signature on the Return Receipt.

By a text-only Order entered September 13, 2023, the Court initially directed Defendant to personally serve a copy of the Motion on Plaintiff at MDC. *See* Doc. 8. After further review, and consistent with the requirements of 28 U.S.C. § 1915A, the Court is convinced any service defect is moot because a final dismissal is not appropriate at this time. Accordingly, the Court will screen

the merits of the Complaint under 28 U.S.C. § 1915A; dismiss the Complaint with leave to amend; and deny the Motion as moot.

**STANDARDS GOVERNING *SUA SPONTE* REVIEW OF THE COMPLAINT**

Where, as here, a prisoner civil rights action is removed from state court, the Court must perform a screening function under 28 U.S.C. Section 1915A.  *See Carr v. Zwally*, 760 Fed. App'x 550, 554 (10th Cir. 2019) (applying § 1915A to inmate complaint against government entities, even though it was removed from state court).  Under § 1915A, the Court has discretion to dismiss a prisoner civil rights complaint *sua sponte* "if the complaint ... is frivolous, malicious, or fails to state a claim on which relief may be granted" using the standard under Fed. R. Civ. P. 12(b)(6). *See* 28 U.S.C. § 1915A(b).  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief.  *Id.* at 570.  A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Moreover, because Plaintiff is *pro se*, his pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Courts are directed to overlook "failure to cite proper legal authority, ... confusion of various legal theories, ... poor syntax and sentence construction, or ... unfamiliarity with pleading requirements."  *Id.*  Pro se plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless any amendment would be futile.  *Id.* at 1109.

## DISCUSSION

### A. Construction of Plaintiff's Complaint

As an initial matter, it is not entirely clear whether Plaintiff seeks to raise a 42 U.S.C. § 1983 civil rights claim.   The Complaint appears on the NMTCA form but does not list any legal causes of action.  Count 1 lists "food poisoning" and Count 2 lists "staff shortage/neglect."  *See* Doc. 1-1 at 3.  Elsewhere, the Complaint alleges MDC violated Plaintiff's "civil right to proper and humane care."  *Id.* at 2.

"For a case to arise under federal law, the plaintiff's 'well-pleaded complaint' must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012).  "The well-pleaded complaint rule makes the plaintiff the 'master' of his claim."  *Id.*  "The plaintiff can elect the judicial forum - state or federal - based on how he drafts his complaint.  Although he may not circumvent federal jurisdiction by omitting federal issues that are essential to his claim, he can nevertheless avoid federal jurisdiction by exclusive reliance on state law."  *Id.*

Allegations regarding inedible food, inhumane treatment, and the failure to protect inmates from danger commonly arise under 42 U.S.C. § 1983.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (the federal constitution imposes a duty on prison officials to "provide humane conditions of confinement."); *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003) ("Under the Due Process Clause of the Fourteenth Amendment," pretrial detainees have a constitutional right to "humane conditions of confinement by ensuring … the basic necessities of adequate food, clothing, shelter, and medical care.").  However, such claims may also arise under the NMTCA or

the New Mexico Civil Rights Act, N.M.S.A. § 41-4A-3 (NMCRA), which became effective on July 1, 2021. The Complaint cites NMTCA, as noted above, but does not appear to reference the NMCRA.

At this stage, the Court will liberally construe the Complaint as raising a federal claim for deliberate indifference to health and safety under 42 U.S.C. § 1983 and the NMTCA. Plaintiff is not bound by this construction, as the instant ruling only outlines the relevant Eighth Amendment pleading standards and grants leave to amend. The legal standard for an Eighth Amendment claim is essentially the same under state and federal law. *See, e.g., Griffin v. Penn*, 213 P.3d 514, 517 (N.M. App. 2009) (noting New Mexico courts have adopted the U.S. Supreme Court standard for deliberate indifference claims). If Plaintiff does not wish to raise a federal claim, his amended pleading may limit the claims to state law (*i.e.,* the NMTCA, as listed in his Complaint, or the NMCRA), and the Court will remand this matter to New Mexico's Second Judicial District Court.

**B. Screening the Claims**

Any federal constitutional claims arise under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

5

With respect to Plaintiff's NMTCA claims, the statute waives sovereign immunity for "the negligence of public employees while acting within the scope of their duties." *Abalos v. Bernalillo Cnty. Dist. Atty's Off.*, 734 P.2d 794, 798 (N.M. App. 1987). This waiver is limited, however, by N.M.S.A. § 4-46-1. That section provides that a plaintiff may sue a county agency only if the plaintiff sues the board of county commissioners. *See* N.M.S.A. § 4-46-1 ("In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county of ..........,").

The only named Defendant in this case is MDC. Jails are not "persons" subject to suit for money damages under 42 U.S.C. § 1983 or the NMTCA. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" which can be sued under § 1983); *Buchanan v. Okla.*, 398 Fed. App'x 339, 342 (10th Cir. 2010) ("State-operated detention facilities.... are not 'persons' ... under § 1983"); *Porter v. City of Portales*, 2022 WL 168420, at *3 (D.N.M. Jan. 19, 2022) (interpreting § 4-46-1 and concluding the Roswell County Detention Center "is not a suable entity under either § 1983 or the NMTCA, as a defendant"); *Gallegos v. Bernalillo Cnty. Bd. of City. Comm'rs*, 272 F. Supp. 3d 1256, 1264, 1267–68 (D.N.M. 2017) (noting that county "detention center is not a suable entity under" the NMTCA); *Jeter v. Lea Cnty. Det. Facility*, 2019 WL 1298101, at *6 (D.N.M. Mar. 21, 2019) (same). The Court will therefore dismiss the instant Complaint under 28 U.S.C. § 1915A for failure to state a cognizable claim.

Consistent with *Hall v. Bellman*, 935 F.2d 1106 (10th Cir. 1991), Plaintiff may file an amended complaint within thirty (30) days of entry of this ruling. As noted above, the amended pleading should make clear whether any claims for inhumane treatment arise under 42 U.S.C. §

1983 or state law (*i.e.,* the NMTCA, NMCRA, or both). Plaintiff is further reminded that he should name each person or entity directly involved in the wrongdoing. Any amended "complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). Entity and supervisor defendants can only be liable under 42 U.S.C. § 1983 where the constitutional violation is traceable to a policy or custom promulgated by that defendant. *See Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989) (holding that counties "are subject to liability [under § 1983] only for their official policies or customs"); *Dodd v. Richardson,* 614 F.3d 1185, 1195 (10th Cir. 2010) (Wardens and other supervisors can face § 1983 liability based on the "promulgation, creation, implementation, or utilization of a policy that caused a deprivation of plaintiff's rights").

Plaintiff is also reminded that, to the extent he seeks damages for deliberate indifference to health/safety, such claim "involves both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Conditions are objectively serious when they threaten the inmate's safety or "lead to deprivations of essential food, medical care, … [or] sanitation." *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981). Many courts have concluded a single incidence of food poisoning does not meet the objective test, but Plaintiff will have an opportunity to provide all details surrounding his claim. *See, e.g., Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010) ("A single incident of food poisoning … does not constitute a violation of the constitutional rights of the prisoner affected."); *Ferris v. Jefferson Cnty.*, 2008 WL 5101240, at *5 (D. Colo. Nov. 26, 2008) (collecting cases regarding food poisoning). As to the subjective component, the plaintiff must demonstrate each defendant "knew he faced a substantial risk of

harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura v. Osagie,* 461 F.3d 1269, 1293 (10th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). If Plaintiff declines to timely amend in response to this ruling, the Court may dismiss the entire case without prejudice, or if appropriate, dismiss the federal claims and remand the NMTCA claims to state court.

If Defendant renews its motion to dismiss the amended pleading, Defendant must personally serve Plaintiff with a copy of motion, evidenced by an affidavit of service stating the time and place of service.

**IT IS ORDERED** that Plaintiff's Complaint to Recover Damages for Injury (**Doc. 1-1**) is **DISMISSED without prejudice** under 28 U.S.C. § 1915A; Plaintiff may file an amended complaint within thirty (30) days of entry of this ruling; and Defendant MDC's Motion to Dismiss (**Doc. 3**) is **DENIED as moot.**

_____

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE