IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER JOHN SEDILLO,

    Plaintiff,

vs.                                                                                              No. 22-cv-0858 MIS-GJF

BERNALILLO COUNTY
METROPOLITAN DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court following Plaintiff Christopher John Sedillo's failure to amend and clarify his claims as directed. Plaintiff was incarcerated when the case was filed and is proceeding *pro se.* The original Complaint (Doc. 1-1) alleges he became ill after eating expired pot roast at the Metropolitan Detention Center (MDC) in Albuquerque, New Mexico. Plaintiff experienced the symptoms of food poisoning, including severe stomach pain, vomiting, diarrhea, fever, and hunger. Plaintiff further alleges MDC has a staff shortage and cannot ensure his safety. The original Complaint uses the New Mexico Tort Claims Act, N.M.S.A. § 41-4-1, *et. seq*. (NMTCA) form and seeks unspecified damages from MDC based on neglect and the "civil right to proper and humane care." Doc. 1-1 at 2.

By a ruling entered September 14, 2023, the Court screened the original Complaint pursuant to 28 U.S.C. § 1915A. *See* Doc. 9 (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints). Because the legal basis for Plaintiff's claims is not entirely clear, the Court permitted him to clarify whether his claims arise under 42 U.S.C. § 1983 and/or state law. Assuming Plaintiff raises an Eighth Amendment violation, the Court also

determined the allegations appear insufficient survive review under state or federal law.  *See Griffin v. Penn,* 213 P.3d 514, 517 (N.M. App. 2009) (noting New Mexico courts have adopted the U.S. Supreme Court standard for claims based on cruel and unusual punishment).  MDC is not subject to suit for money damages under 42 U.S.C. § 1983 or the NMTCA.  *See* Screening Ruling at 6 (collecting cases).  The Screening Ruling also observed that a single incidence of food poisoning may not constitute deliberate indifference to health and safety but included the relevant pleading standards, in the event Plaintiff wished to add more facts.  *Id.* at 7.

Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), Plaintiff was permitted to clarify and amend his claims within thirty (30) days of entry of the Screening Ruling.  Plaintiff was warned that if he fails to timely comply, the Court may dismiss the original Complaint (Doc. 1-1) without further notice.  The Screening Ruling also notes Defendant will be required to personally serve Plaintiff with a copy of any future filings, based on mailing issues at MDC.  The deadline to amend was October 14, 2023.  Plaintiff did not comply or otherwise respond to the Screening Ruling, which was returned was undeliverable with the notation "Not in Custody."  Doc. 11.  Plaintiff has not provided an updated address, as required by N.M. LR-Civ. 83.6.  Accordingly, the Court will dismiss the original Complaint (Doc. 1-1) under Fed. R. Civ. P. 41(b) for failure to prosecute.  *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).  Such dismissal is without prejudice, and it does not count as a strike under 28 U.S.C. § 1915(g).  *See Carbajal v. McCann*, 808 Fed. App'x 620, 629 (10th Cir. 2020) (addressing the three-strike rule and distinguishing between procedural dismissals under Rule 41(b) and screening dismissals for failure to state a claim); *Woodson v. McCollum*, 875 F.3d 1304 (10th Cir. 2017) (noting the three-strikes rule does not apply in a removed case).

**IT IS ORDERED** that this case, including each claim in Plaintiff's Complaint to Recover Damages for Injury (**Doc. 1-1**), is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

*/s/ Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE